# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

ELIZABETH ALEXANDRIA FRANCIS,

         Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS,

         Defendant.

Case No. 4:25-cv-00032-SLG

## SCREENING ORDER

On August 22, 2025, self-represented prisoner Elizabeth Alexandria Francis ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive prepayment of the filing fee, summonses forms, and a motion to compel evidence.[1] Plaintiff's claims relate to events that allegedly occurred between July 11, 2025 and August 18, 2025 while she was a pretrial detainee in the custody of the Alaska Department of Corrections ("DOC").[2] Specifically, Plaintiff alleges she was placed in segregation after reporting child sexual exploitation to the FBI. Additionally, Plaintiff alleges Dr. Olivera prescribed her medication that had previously caused her adverse effects and a medication to which she reports she is allergic. Plaintiff further alleges that Nurse Sarah administered an injection against Plaintiff's will and without a court order even though Plaintiff claims that she was functioning

---

[1] Docket 5.

[2] Docket 1 at 3.

adequately prior to any medication or injections.[3] For relief, Plaintiff seeks $117,000,000 in damages and an order to stop the illegal activity.[4]

The Court has now screened the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** from the date of this order to file an amended complaint that attempts to correct the deficiencies identified in this order. Because Plaintiff has been released from DOC custody, she also must either pay the filing fee of $405.00 or file a completed and signed non-prisoner application to waive payment of the filing fee **on or before the date the amended complaint is filed.** Alternatively, Plaintiff may file a notice of voluntary dismissal in which she elects to close this case.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[5]  In this screening, a district court shall dismiss the case at any time if the court determines that the action:

　　　　(i)　　is frivolous or malicious;

---

[3] Docket 1 at 3-4.

[4] Docket 1 at 8.

[5] 28 U.S.C. §§ 1915, 1915A.

Case No. 4:25-cv-00032-SLG, *Francis v. DOC*
Screening Order
Page 2 of 22
Case 4:25-cv-00032-SLG　　　Document 15　　　Filed 12/17/25　　　Page 2 of 22

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.[6]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[7]  However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[8] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[9] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[10]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[11]

---

[6] 28 U.S.C. § 1915(e)(2)(B).

[7] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[8] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[9] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[10] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[11] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement

Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[12]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[13] A complaint that is "verbose, confusing and conclusory" violates Rule 8.[14] Although a federal court must construe complaints filed by self-represented plaintiffs filings liberally, it is not required to sift through disorganized or incoherent material to construct claims on a litigant's behalf.[15] A complaint may be dismissed under Rule 8 even if the court can "identify a few possible claims."[16] A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[17]

---

of deficiencies, the pro se litigant will likely repeat previous errors.").

[12] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[13] Fed. R. Civ. P. 8(a)(2).

[14] *Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981).

[15] *See Johnson v. United States*, 544 U.S. 295, 296 (2005); *Garfinkle v. Super. Ct. of Nev.,* 556 F.2d 1215, 1216 (9th Cir. 1977).

[16] *McHenry,* 84 F.3d at 1179.

[17] *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

Case No. 4:25-cv-00032-SLG, *Francis v. DOC*
Screening Order
Page 4 of 22
Case 4:25-cv-00032-SLG    Document 15    Filed 12/17/25    Page 4 of 22

Multiple defendants may be joined in a single action only when the claims asserted against the defendants arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."[18] Unrelated claims against different defendants must be filed in separate lawsuits.

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statute.[19] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[20] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[21] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[22]

---

[18] Fed. R. Civ. P. 20(a)(2).

[19] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[20] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[21] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002). *See also* Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[22] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

### A. Plaintiff cannot bring claims against the State of Alaska Department of Corrections ("DOC")

A defendant in a civil rights lawsuit must be a "person."[23] Further, the Eleventh Amendment to the U.S. Constitution protects states and state instrumentalities—the "arms of the state" such as the State's governmental branches, divisions, offices, and departments—from being sued in federal court unless the state has waived its immunity.[24] The State has not waived immunity for civil rights claims in federal court. Therefore, Plaintiff's claims against DOC are dismissed and must not be included in an amended complaint. Rather, in an amended complaint, Plaintiff must name individual people as defendants and allege in specific terms how each named defendant caused a specific harm to Plaintiff.[25]

### B. The Eighth Amendment does not apply to pretrial detainees

The protections of the Eighth Amendment's Cruel and Unusual Punishment Clause are "reserved for 'those convicted of crimes'. . . ."[26] Plaintiff was not a convicted prisoner in the custody of the State at the time of the alleged violations,

---

[23] 42 U.S.C. § 1983.

[24] *Doe v. Regents of the Univ. of Calif.*, 891 F.3d 1147, 1153 (9th Cir. 2018); *Alabama v. Pugh,* 348 U.S. 781 (1978).

[25] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[26] *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (quoting *Whitley*, 475 U.S. at 318); *see also Ingraham v. Wright*, 430 U.S. 651, 671-72 n. 40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.").

and as such, the Eighth Amendment does not apply. For civil rights claims brought by pretrial detainees that are challenging their conditions of confinement, courts "properly rel[y] on the Due Process Clause rather than the Eighth Amendment."[27] Therefore, Plaintiff's claims under the Eighth Amendment are DISMISSED with prejudice. Plaintiff's claims regarding the conditions of her confinement as a pretrial detainee are evaluated under the Due Process Clause of the Fourteenth Amendment.

### C.    Mental Health Housing and Involuntary Medication

"Pretrial detainees have a right to procedural due process before they are subjected to more severe conditions of confinement than other detainees."[28] But pretrial detainees do not have a constitutional right to be housed in a particular unit or to avoid a mental-health housing assignment.[29] A plaintiff may be able to state a claim if she plausibly alleges that her placement in mental-health housing was punitive, retaliatory, or wholly unrelated to any legitimate governmental or medical objective.[30] But conclusory allegations that Plaintiff disagreed with the

---

[27] *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

[28] *Shorter v. Baca,* 895 F.3d 1176, 1190 (9th Cir. 2018) (citing *Mitchell v. Dupnik*, 75 F.3d 517, 523 (9th Cir. 1996)).

[29] *See Bell v. Wolfish,* 441 U.S. 520, 538–39 (1979); *Hewitt v. Helms,* 459 U.S. 460, 468 (1983); *Hernandez v. Johnston,* 833 F.2d 1316, 1318 (9th Cir. 1987).

[30] *Bell,* 441 U.S. at 538–39; *see also Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir. 2005).

classification decision, without facts suggesting punitive intent or lack of legitimate justification, are insufficient.[31]

Additionally, although pretrial detainees have a liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment, prison officials may administer antipsychotic drugs to a person with a serious mental illness against his or her will, if the inmate is dangerous to herself or others, and if such treatment is in the inmate's medical interest.[32] The Supreme Court has adopted a more demanding standard for when the government may forcibly medicate a mentally ill criminal defendant to restore his or her competency to stand trial.[33] However, when dangerousness is a basis for the involuntary medication, the concerns are the orderly administration of the prison and the inmate's medical interests, and "the decision to medicate involuntarily a pretrial detainee based on dangerousness grounds is a penological and medical decision that should be made by the medical staff."[34]

---

[31] *Iqbal*, 556 U.S. at 678.

[32] *Washington v. Harper,* 494 U.S. 210 (1990). *See also Bean v. Matteucci,* 986 F.3d 1128, 1135 (9th Cir. 2021).

[33] *Sell v. United States,* 539 U.S. 166 (2003)*; see also Witt v. Dep't of Air Force,* 527 F.3d 806, 818 (9th Cir. 2008) (referring to *Sell* as an application of heightened scrutiny in the substantive due process context).

[34] *United States v. Loughner,* 672 F.3d 731, 750 (9th Cir. 2012). *See also Harper,* at 231(concluding that "an inmate's interests are adequately protected, and perhaps better served, by allowing the decision to medicate to be made by medical professionals rather than a judge").

Case No. 4:25-cv-00032-SLG, *Francis v. DOC*
Screening Order
Page 8 of 22
Case 4:25-cv-00032-SLG    Document 15    Filed 12/17/25    Page 8 of 22

Here, Plaintiff alleges she was placed in segregation as retaliation for making reports to the FBI. Plaintiff claims she was admitted to "MHU seg" and that DOC staff "refused to tell [her] why" and "refused to give [her] any paperwork on the admit during [her] entire segregation stay."[35] Plaintiff also claims she was prescribed medications she did not want or need and was subjected to an involuntary injection. Plaintiff's Complaint states the events giving rise to her claims occurred between July 11, 2025 and August 18, 2025.[36] In another filing, Plaintiff claims she was involuntarily injected during her sleep and forced to take crisis medication before being transferred to the Fairbanks Correctional Center ("FCC") in mid-July.[37]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[38] of the Courtview records of the Alaska Court System.[39] The Court recognizes that the underlying state criminal case is sealed and that the Court does not have access to the confidential competency evaluations or findings. However,

---

[35] Docket 1 at 3.

[36] Docket 1 at 3-5.

[37] Docket 5-1 at 1.

[38] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *See also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted).

[39] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

based on the multiple competency hearings followed by stays, it appears that Plaintiff was, at minimum, subject to judicial concerns regarding her competency and may have been experiencing mental illness during the relevant period. Additionally, the attached DOC records and even some of Plaintiff's own statements belie her claims. Although the records are incomplete and Plaintiff's lengthy disjointed narratives are not presented in a short, concise, or linear manner, the Court summarizes the relevant facts as follows.

On March 7, 2025, Plaintiff was charged with five counts of assault based on events that allegedly occurred on March 6, 2025.[40] According to the attached DOC records, Plaintiff was placed in administrative segregation on March 22, 2025 at FCC after reportedly "making suicidal statements, asking officers to kill her and expressing that she doesn't want to live anymore."[41] On March 26, 2025, DOC completed another Administrative Segregation Admission form noting that Plaintiff reported feeling unsafe in general population.[42] On April 9, 2025, DOC staff noted that Plaintiff was "exhibiting delusional behavior."[43]

Plaintiff was transferred to the Hiland Mountain Correctional Center ("HMCC") on May 1, 2025.[44] The publicly available state court docket reflects that

---

[40] *State of Alaska vs. Francis, Elizabeth Alexandria,* Case No. 4FA-25-00425CR, Party Charge Information.

[41] Docket 5-1 at 25.

[42] Docket 5-1 at 26.

[43] Docket 5-1 at 29.

[44] Docket 5-1 at 45.

the state court held a competency hearing on May 30, 2025, after which the presiding judge entered confidential competency findings and stayed the criminal proceedings.[45] On June 10, 2025, Plaintiff claims she was not on any mental health medication.[46] On July 10, 2025, Plaintiff submitted an RFI to HMCC staff inquiring why she was being held in segregation and alleging that Dr. Olivera hadn't spoken to her about her mental or physical health, but just insisted she take mental health medications to which she is allergic.[47]

Plaintiff was transferred back to FCC in mid-July, 2025.[48] On August 6, 2025, Plaintiff was provided with ibuprofen for a headache and informed that her mental health provider was in the process of changing her prescription medication.[49] On August 9, 2025, Plaintiff submitted an RFI to FCC staff requesting to be moved from administrative segregation to a dorm, claiming her tapeworm was not contagious. In response, DOC staff explained she was in segregation for mental health reasons.[50] On August 14, 2025, Advanced Practice Registered Nurse ("APRN") Gerald Martone sent Plaintiff a message confirming he had discontinued the olanzapine she was previously prescribed at her request. He also clarified that

---

[45] *Id.,* Docket Entry 05/30/2025 (LOG NOTES: Competency Hearing; "Findings and Order on Competence for Legal Proceedings. Case Stayed.").

[46] Docket 5-1 at 57.

[47] Docket 5-1 at 65.

[48] *Id.,* Docket Entry 07/09/2025 ("Motion for Transport of Inmate to FCC").

[49] Docket 5-1 at 115.

[50] Docket 5-1 at 86.

risperone was a voluntary medication—prescribed only until her monthly injection of Invega Sustenna stabilized—and she could decide not to take it.[51]

The state court docket reflects that a second competency hearing occurred on August 20, 2025, and that on August 22, 2025, the state court again issued confidential findings and stayed the case. Then, on October 6, 2025, Plaintiff was transferred to the Alaska Psychiatric Institute.[52] A competency evaluation was filed in state court on November 5, 2025. Then, on November 20, 2025, the state court held an evidentiary hearing, during which the state judge granted the motion to dismiss the state criminal case on the record. As of the date of this order, Plaintiff remains at the Alaska Psychiatric Institute.

Based on the information in Plaintiff's filings, the attached DOC records, and the state court record, it appears that Plaintiff was placed in administrative segregation due to her ongoing mental health issues, not in retaliation for reporting suspected criminal activity or as punishment for having tapeworm. DOC responded to numerous RFIs regarding her segregation, and at least once, Plaintiff sought to be moved to protective custody during her stay, claiming she did not feel safe in the general population.[53] Placement in administrative segregation for mental health or safety reasons is an administrative, non-punitive measure within the

---

[51] Docket 5-1 at 117.

[52] *Id.,* Docket Entry 10/06/2025 ("Notice of Defendant's Arrival at Alaska Psychiatric Institute").

[53] *See* Docket 9-1 at 7, 16.

discretion of correctional officials and does not, without more, implicate a protected liberty interest.[54] For these reasons, Plaintiff fails to statue a plausible due process claim regarding her administrative segregation.

Similarly, Plaintiff fails to state a plausible due process claim regarding her mental health medications. The records do not appear to indicate that Plaintiff was prescribed either Geodon (ziprasidone) or Haldol, the medications to which she reports she is allergic.[55] Plaintiff also "believes" she is allergic to Olanzapine; that it is harmful to her, but she does not report any allergic reaction,[56] and DOC staff terminated that prescription at her request. Although Plaintiff appears to have received involuntarily injections, DOC held a hearing regarding Plaintiff's involuntary medication on August 4, 2025. The MAC Appeals Committee found no documentation that Plaintiff had intentionally harmed herself and ordered DOC to return Plaintiff back to voluntary medications.[57]

Due process does not require that a medical determination be ultimately upheld on appeal, only that it be grounded in professional judgment at the time it was made. Because Plaintiff's allegations affirmatively indicate that the challenged medication was ordered by medical professionals based on perceived

---

[54] *Resnick v. Hayes,* 213 F.3d 443, 448–49 (9th Cir. 2000); *see also Myron v. Terhune,* 476 F.3d 716, 718 (9th Cir. 2007).

[55] Docket 5-3 at 4.

[56] Docket 5-3 at 4.

[57] Docket 9-1 at 31.

dangerousness, Plaintiff fails to state a plausible Fourteenth Amendment claim arising from the temporary involuntary administration of medication.

On the facts alleged, amendment appears unlikely to cure these deficiencies. Nonetheless, Plaintiff will be granted leave to file an amended complaint, if in good faith, she can allege facts showing that the involuntary medication was imposed for non-medical or punitive reasons, in the absence of professional judgment, or without an individualized determination of dangerousness.

### III. Plaintiff's motions

The Court recognizes that documents filed by self-represented litigants are to be construed liberally, and that federal courts must act with some leniency toward those without legal training.[58] However, the Court cannot provide legal advice or act as a party's attorney.[59] Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[60]

---

[58] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[59] *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976).

[60] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Notices are a type of filing that should be rarely used and only for administrative functions—*i.e.,* to notify the court of a change of address or for an attorney to appear to represent a client.[63] A Notice of Change of Address must contain only information about the change of address, and its effective date; it must not include requests for any other relief. Similarly, an "update" is not something the Court will consider or address.

In order to seek relief from the Court, a party must file a motion. A motion must "state with particularity the grounds for seeking the order; and state the relief sought."[64] Each request for relief from the Court should be made as a separate motion.[61] For nondispositive motions, Plaintiff should include a proposed order that sets forth the precise relief she is seeking.[62] The proposed order helps to clarify what the moving party is asking the Court to do.

The Court now addresses each of Plaintiff's additional filings.

### D. Motions regarding evidence

At Docket 5, Plaintiff requests an order compelling DOC to provide video footage of the alleged events occurring between July 2, 2025 to the present and copies of all paper and electronic communications between Plaintiff and DOC.[63] At Docket 9, Plaintiff seeks to submit additional evidence in support of her claims.

A plaintiff need not file exhibits or evidence to prove her case at the

---

[61] Local Civil Rule 7.1(e).

[62] *See* Local Civil Rule 7.1(b).

[63] Docket 5 at 2.

Case No. 4:25-cv-00032-SLG, *Francis v. DOC*
Screening Order
Page 15 of 22

screening stage of the case. Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening stage is generally limited to the contents of the complaint.[64] The Court need not determine whether a plaintiff will ultimately prevail. Rather, at this stage the Court determines only whether the plaintiff should be afforded an opportunity to proceed to the next stage of litigation, at which time she may seek to first obtain evidence to support her case, and then when a motion is filed, file evidence with the Court that is directly related to that motion. Should any amended complaint proceed beyond the screening stage, the Court will order service and issue an order setting a schedule for discovery and dispositive motions.

For these reasons, Plaintiff's motion to compel evidence at **Docket 5 is DENIED**, and Plaintiff's motion to submit evidence at **Docket 9 is DENIED**.

### E. Motions at Dockets 12-13

At Docket 12, Plaintiff filed a motion requesting the Court order a medical evaluation and provide medical assistance.[65] Plaintiff claims unknown individuals implanted spyware into her head and that she was kidnapped, tortured, and starved approximately four years ago.[66] At Docket 13, Plaintiff filed a motion requesting to update her address, update the nature of this suit, and remove the

---

[64] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[65] Docket 12 at 1.

[66] Docket 12.

demand for a jury trial. Plaintiff claims she is being harassed, abused, and threatened by people claiming to be DOC employees. She requests an order for a CT scan and removal of the alleged implanted device.[67]

As explained above, a Notice of Change of Address should be on the Court's form and should only include the updated contact information. To the extent Plaintiff seeks injunctive relief, Plaintiff's request must be denied. Plaintiff cannot add additional claims by motion; new claims can only be added in an amended complaint; Plaintiff has not presented any rational basis for this Court to order medical treatment to her in this civil rights case; and Plaintiff has not shown a likelihood of success on the merits, as is required to obtain injunctive relief.[68]

For these reasons, Plaintiff's motions at **Dockets 12-13 are DENIED**.

### F. Motions regarding amending or updating this case

Plaintiff's motion to amend the amount of requested damages at **Docket 8 is DENIED**. The amount of damages sought can be amended in the amended complaint.

Plaintiff's motion to remove the names and address of some defendants at **Docket 10 is DENIED.** The amended complaint may contain the defendants

---

[67] Docket 13 at 2.

[68] To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008).

Plaintiff is seeking to name.

Plaintiff may update her claims and request for relief in an amended complaint in accordance with the guidance provided below.

## IV. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[69] Any claim not included in the amended complaint will be considered waived. A complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[70] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiff is being given an opportunity to file an amended complaint, she must not expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere

---

[69] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[70] Fed. Rule Civ. Proc. 8(a)(2).

in the complaint.[71] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

It is Plaintiff's responsibility to gather and plead the necessary facts to support her claims. Apart from searching Alaska state court dockets when warranted, the Court does not conduct independent research when screening a complaint. **Although a plaintiff may attach relevant documents to a complaint, she must include all relevant information in the body of the complaint itself and include in the complaint specific citations to any attachments filed in support of her claims.**

If Plaintiff files an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should the amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order,

---

[71] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim. Such a dismissal would count as a "strike" which may limit Plaintiff's ability to file future cases in federal court.[72]

IT IS THEREFORE ORDERED:

1.     Plaintiff's Complaint at **Docket 1 is DISMISSED** with leave to file an amended complaint.

2.     Plaintiff's claims under the Eighth Amendment are DISMISSED with prejudice.

3.     Plaintiff is accorded **60 days** from the date of this order to file either:

     a.     First Amended Complaint, in which Plaintiff revises her complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

     b.     Notice of Voluntary Dismissal, in which Plaintiff elects to close and end this case.

4.     If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form **within 60 days of the date of this order**, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a [an additional] strike and without further notice to Plaintiff, for failure to state a claim.

---

[72] 28 U.S.C. § 1915.

5.     A Notice of Voluntary Dismissal does not count as a strike.[73]

6.     Because Plaintiff has been released from DOC custody, the prisoner application to waive prepayment of the filing fee at **Docket 3 is DENIED as moot.**

7.     Should Plaintiff elect to proceed with this case, she must either pay the filing fee of $405.00 or file a completed and signed non-prisoner application to waive payment of the filing fee **on or before the date the amended complaint is filed.**

8.     For the reasons explained above, **all pending motions are DENIED**.

9.     Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[74]  Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

10.     At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address."  The Notice shall contain only information about the change of address,

---

[73] *Spencer v. Barajas,* 140 F.4th 1061 (9th Cir. 2025)

[74] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

and its effective date.[75]  The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

11.    With this order, the Clerk is directed to send: (1) form PS15, with "FIRST AMENDED" written above the title "Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS11, Non-Prisoner's application to waive payment of the filing fee; (3) form PS09, Notice of Voluntary Dismissal; and (4) form PS23, Notice of Change of Address.

DATED this 17th day of December, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[75] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").